THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC AND KELLY PARSONS, Plaintiffs, | ) ) ) | Case No.  1:11CV00039 DS |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *et al,* | ) ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiff Kelly Parsons is in default on his notes.  He brought this lawsuit to avoid foreclosure, alleging that foreclosure was improper.  Parsons received mortgage loans in the amount of $309, 000.00 that were secured by trust deeds upon his properties.  Parsons then conveyed the properties to Commonwealth Property Advocates prior to foreclosure.  Plaintiffs' central argument is that when the notes were allegedly securitized, there was necessarily a separation of the notes from the trust deeds securing the property.  Thus, Plaintiffs contend that the effect of this securitization was to strip the trust deeds from their holders and any authority to appoint the substitute trustees and that only the end "investors" can enforce the terms of the deeds of trust.  The Court has before it Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Aurora Loan Services,

LLC's (collectively, "Defendants") Motion to Dismiss. The Court finds that all of Plaintiffs' arguments are without merit and therefore grants the Motion.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] However, the court "need not accept . . . conclusory allegations without supporting factual averments."[3]

## III. ANALYSIS

Plaintffs' central claims rely upon the theory that the named Defendants lack authority to foreclose on the properties. Plaintiffs' theory is that the foreclosing entities lack authority because the notes were split from the deeds of trust through securitization thus enabling only the investors to come forward to enforce the terms of the deeds of trust. This Court has repeatedly rejected such claims holding that this "split-note" theory is contrary to the well-settled principle that "[t]he transfer

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009).

[3] *S. Disposal, Inc., v. Tex. Waste,* 161 F.3d 1259, 1262 (10th Cir. 1998).

of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."[4]  Thus, as any assignment of the notes necessarily carries with it the deeds of trust securing the property, the Court has found that such a "split-note" scenario is simply untenable.[5]

Additionally, Plaintiffs contend that even without arguing the "split-note" theory, the foreclosing Defendants still lack authority to foreclose.  Neither the notes or the trust deeds prohibit the securitization of the notes in any way.  The notes specifically provide for the transfer of the notes by the Lender, and further provide for the loan servicing obligations to remain with the Loan Servicer.[6]  The deeds of trust also establish MERS as "a nominee for Lender and Lender's successors and assigns."[7]  Under the express terms of the deeds of trust, Plaintiffs agreed to MERS's continuing status as nominee and beneficiary, even after the deeds of trust were transferred, assigned, or sold.  Because Plaintiff has already conceded that the deeds of trust follows the notes, then all terms of the deeds would follow including this term establishing MERS as nominee for Lender and Lender's successors and assigns.  In a similar case, this court rejected arguments similar to Plaintiffs' in this case stating:

> Nothing in law or logic supports that such a delegation would constitute a separation of the rights under the trust deed from the ownership of the note, even accepting Plaintiff's interpretation of Utah Code Ann. § 57-1-35.  Thus, there is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long

---

[4]  *Carpenter v. Longan,* 83 U.S. 271, 275 (1872).

[5]  *See Witt v. CIT Group/Consumer Finance Inc.,* 2010 WL 4609368 (D. Utah Nov. 5, 2010).

[6]  *See* Exhibit C to Complaint, § 29.

[7]  *Id.*

as MERS were to act on behalf of those parties who have the ultimate right to collect the debt.[8]

Therefore Plaintiffs' arguments to the contrary fail as a matter of law.

As all of Plaintiffs' Causes of Action rely upon this failed theory, the Court finds that Plaintiffs have failed to plead a cause of action upon which relief may be granted.

## VI.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss with prejudice.


SO ORDERED.

DATED this ____28th____ day of ____June_____, 2011.


BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT

---

[8] *See Marty v. Mortgage Electronic Registration Systems,* 2010 WL 4117196 at ¶6.